UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § <br> § |
| *versus* | § CASE NO. 1:24-CR-00443 <br> § |
| FRANK DAHLQUIST | § <br> § |

### DEFENDANT FRANK DAHLQUIST MOTION FOR
### *BRADY, GIGLIO*, AND OTHER EVIDENCE
### FAVORABLE TO THE DEFENDANT

TO THE HONORABLE BERYL A. HOWELL,
UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF COLUMBIA:

COMES NOW, Defendant Frank Dahlquist (the "Defendant"), by and through his attorney of record, James Lee Bright, and respectfully submits this Motion for *Brady*, *Giglio*, and Other Evidence Favorable to the Defendant, and in support shows:

### I. Chronology

This case is set for a jury trial beginning January 27, 2025. Pretrial motions (except Motions for Continuance) are due December 12, 2024.

### II. Motion

The Defendant respectfully moves the Court to enter an order requiring the Government production of any evidence or other materials in the possession of the Government or its agents which would tend to exculpate the Defendant under *Brady v. Maryland*, or which would impeach any prospective Government witness or witnesses under *Giglio v. United States*, and all other material which could lead to the discovery of such exculpatory or favorable evidence. *See Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972); *see also United States v. Martinez-Mercado*, 888 F.2d 1484 (5th Cir. 1989).

This request specifically includes, but is not limited to, the disclosure of:

(a) any witness favorable to the defense;

(b) any prior contrary statements by of any Government witness;

(c) any evidence that any persons who may have convinced the Defendant to engage an any conduct alleged in the Indictment or who themselves participated in any conduct alleged in the Indictment were Government agents, informants, or persons acting on behalf of the Government;

(d) Any records and/or information revealing prior convictions, guilty verdicts, deferred adjudications, deferred prosecutions, or juvenile adjudications in the United States or in any state or foreign jurisdiction attributed to each Government witness, including but not limited to rap sheets, such as national Crime Information Center (NCIC) reports, and/or any judgment or commitment orders;

(e) any records and/or information revealing prior misconduct, wrongs, bad acts, or other crimes attributed to any Government witness, particularly those which may be admissible under Fed. R. Evid. 608(b) to impeach the truthfulness of the witness;

(f) Any presentence report or sentencing guidelines report of any Government witness;

(g) The immigration status of any Government witness or informant who is not a United States citizen;

(h) Any fees, payment of expenses, and/or other material rewards given or offered to any Government witness or informant, including consideration or promises of consideration, or other concessions or promises, given to or on behalf of any Government witness or expected or hoped for by the witness. *See United States v. Chestang*, 849 F.2d 528,532 (11th Cir 1988). Consideration refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including, but not limited to:

> formal or informal, or direct or indirect, lenience, favorable treatment, or recommendations of other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, immigration, administrative, or other dispute with the Government or with any other authority or with any other parties;
>
> (1) criminal, civil or tax immunity grants;
>
> (2) relief from forfeiture;
>
> (3) payments of money, rewards, or fees, such as witness fees, or provisions of food, clothing, shelter, transportation, legal services, or other benefits;
>
> (4) placement in a witness protection program;

---

    (5) informer status of the witness, and

    (6) anything else which arguably could reveal an interest, motive, or bias in the witness in favor of the Government or against the defense or act as an inducement to testify or to color testimony;

(i) any threats, express or implied, direct or indirect, or other coercion made or directed against any Government witness;

(j) any criminal prosecutions investigations, or potential criminal prosecutions which could be brought against any Government witness;

(k) any probation, parole, deferred adjudication, deferred prosecution, or deferred, or custodial status of any Government witness;

(l) any civil, tax court, court of claims, administrative, or other pending, or potential legal disputes or transactions with the Government over which the Government has real, apparent or perceived influence;

(m) Any informant files on any Government witness;

(n) The existence and identity of any federal, state, and/or local Government files on any Government witness;

(o) The existence and identity of any official internal affairs investigation, public integrity investigation, or personnel files relating to, or connected with, each witness who was or is a law enforcement officer or agent, including task force officers;

(p) Any other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the Government witness's testimony or evidence or which arguably could lead to such records or information. This request specifically includes, but is not limited to:

    (1) information as to the mental, emotional, and physical history or any Government witness;

    (2) the use of any lie detector or polygraph tests of any Government witness and the results thereof;

    (3) the use of narcotics or other drugs by any Government witness;

    (4) any occasions when the Government witness may have identified someone other than the defendant, failed to identify the defendant or failed to make any identification whatsoever.

---

(q) Facts or evidence indicating the unreliability of any Government witness, including, but not limited to, all impeachment evidence, related to law enforcement witnesses consistent with *Kyles v. Whitley* 514 U.S. 419 (1995) and *United States v. Henthorn,* 931 F.2d 2 (9th Cir. 1991).

(r) Facts, evidence or information indicating the untruthfulness of a Government witness, or which impeaches a Government witness;

(s) Instructions to a Government witness by any Government personnel not to speak with defense counsel or to do so only in the presence of a Government agent, law enforcement, or attorney.

### III.  Basis for Motion

The defense must make a discovery request in order to trigger the Government's disclosure obligations under Rule 16(a), Federal Rules of Criminal Procedure.  *See* Fed. R. Crim. P. 16(a); see e.g., *United States v. Sanchez-Garcia*, 685 F.3d 745 (8th Cir. 2012).  A written request makes a better record. *See e.g., United States v. De La Rosa*, 196 F.3d 712, 716 (7th Cir. 1999) (finding no discovery violation when defendant failed to file a proper discovery request).  Defense counsel should also make specific requests to preserve the record for appeal.  *See e.g., United States v. Carrasquillo-Plaza*, 873 F.2d 10, 12 (1st Cir. 1989) ("Defendant's pretrial, blanket demand for 'all books, paper documents and tangible objections' material to his defendant was too general to satisfy the requirement of a request and a showing of materiality.").

This Motion excludes such previously provided discovery; however, includes such discovery, if any, that is in the government's possession, but that has not been provided.

"While *Brady* and its progeny necessitate that prosecutors disclose exculpatory evidence during trial, this Court's precedent has consistently held that Brady focuses on the integrity of trials and does not reach pre-trial guilty pleas." *Mansfield v. Williamson Cnty.*, 30 F.4th 276 (5th Cir. 2022) (citing *Matthew v. Johnson*, 201 F.3d 353, 361-62 (5th Cir. 2000).  The Department of Justice's policies impose a duty on federal prosecutors to see all exculpatory and impeachment information when preparing for trial.

> It is the obligation of federal prosecutors, in preparing for trial, to seek all exculpatory and impeachment information from all members of the prosecution team. Members of the prosecution team include federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against the defendant.
>
> This search duty also extends to information prosecutors are required to disclose under Federal Rules of Criminal Procedure 16 and 26.2 and the Jencks Act.

Justice Manual 9-5.001

The Government is in a better position than the Defendant to know what discovery is and is not in its possession, and of that discovery what has and has not been made available to the defendant, if any.

Material or information in the hands of the Government is discoverable "where the evidence is material to guilt or punishment," and includes evidence "favorable to the accused either direct or impeaching." *Brady v. Maryland*, 373 U.S. 83 (1963); *Biles v. Maryland*, 386 U.S. 66,76 (1967); *Giglio v. United States*, 405 U.S. 150 (1973); *Kyles v, Whitley* 514 U.S. 66,76 (1967). The obligation to disclose such information is not merely because the prosecutor did not have actual knowledge of such favorable evidence. *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980); *Rhinebart v. Rhay*, 440 F.2d 725 (9th Cir. 1971), cert denied, 404 U.S. 825. "The duty of disclosure affects not only the prosecutor, but the government as a whole, including its investigative agencies." *United States v. Bryant*, 439 F.2d 642, 658 (D.C. Cir. 1971).

The Government's duty of disclosure is based upon the Defendant's right to due process of law under the Fifth Amendment to the United States Constitution, as interpreted by the courts. Because fundamental rights are involved, the Government has a duty to disclose any evidence that is arguably favorable to a defendant's case. Such evidence should be disclosed promptly upon its discovery by the Government and said duty is a continuous one, which remains ongoing throughout the proceedings. Further, due process requires that disclosure of exculpatory and impeachment

evidence material to the guilt or innocence be made in sufficient time to permit the defendant to make effective use of that information at trial. *See e.g.*, *Weatherford v. Bursey*, 429 U.S. 545, 559 (1997). Accordingly, the Defendant requests that the Court enter an order directing the Government to disclose such information no later than thirty (30) days prior to trial.

The requested information is not only discoverable but within the exclusive province of the Government, or other agencies acting in conjunction with the Government and is unavailable to the Defendant.

## I. Relief Requested

The Defendant respectfully requests that the Court order the Government to produce the information delineated above no later than thirty (30) days prior to trial

## II. Prayer

The Defendant prays that the Court grant this motion and order the production of the information requested herein, and for such other and further relief as may be warranted.

Respectfully submitted,

/s/ James Lee Bright
James Lee Bright
Texas SBN 24001786
3300 Oak Lawn Ave, Suite 700
Dallas, Texas 75219
O: 214.720.7777
Jlbrightlaw@gmail.com
www.Dallasfederalcrimes.com
www.dfwcriminallaw.com

Attorney for Frank Dahlquist

**Certificate of Conference**

I hereby certify that on November 15, 2024, I conferred with AUSA Sean Brennan and AUSA David Perri, the Assistant United States Attorneys assigned to this case regarding the Government's position as to this Motion.

/s/ James Lee Bright
James Lee Bright

**Certificate of Service**

I hereby certify that on November 18, 2024, a true and correct copy of the above and foregoing document was served on AUSA Sean Brennan and AUSA David Perri, via the Court's electronic filing system.

/s/ James Lee Bright
James Lee Bright