UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 24-443 (BAH) |
| FRANK DAHLQUIST, | Judge Beryl A. Howell |
| Defendant. | |

**MEMORANDUM AND ORDER**

The United States government moves to dismiss, with prejudice, the nine-count Indictment, ECF No. 39, against defendant Frank Dahlquist.  Govt's Mot. to Dismiss Indictment with Prejudice Pursuant to Federal Rule Criminal Procedure 48(a) ("Govt's MTD"), ECF No. 80.  For the reasons explained below, the government's motion is granted in part and denied in part, and the pending indictment is dismissed without prejudice.

**I.   BACKGROUND**

Defendant was indicted by a grand jury on nine counts: six felony and three misdemeanor charges, alleging serious and violent crimes committed on January 6, 2021.  *See* Indictment.  Specifically, defendant is alleged to have directly assaulted two law enforcement officers.  In each of those interactions, defendant is accused of having sprayed each of them with an orange-colored chemical agent while the officers were engaged in official duties during a civil disorder, in violation of 18 U.S.C. § 231(a)(3) and 18 U.S.C. § 111(a)(1) & (b).  *See id.* (Counts One through Three); Statement of Facts ("SOF") at 6-11, ECF No. 1-1.  Defendant is further charged with having entered, remained, and engaged in violence in a restricted area with a deadly or dangerous weapon, namely the chemical spray and a four-by-four piece of lumber, which he allegedly threw toward law enforcement officials, as well as of having entered and remained in a restricted building

1

with an intent to impede the orderly conduct of government and actually doing so, in violation of 18 U.S.C. §§ 1752(a)(1)-(2), (4) & (b)(1)(A).  *See* Indictment (Counts Four through Six); SOF at 9-11.  For those significant felony charges, defendant would face up to twenty years in prison.  *See* Indictment; 18 U.S.C. § 111(a)(1) & (b).  Defendant is also charged with three misdemeanor counts, alleging that he willfully and knowingly engaged in disorderly and disruptive conduct in the Capitol with an intent to impede or disrupt Congress, willfully and knowingly engaged in physical violence within the Capitol, and willfully and knowingly paraded, demonstrated, and picketed in the Capitol building, in violation of 40 U.S.C. §§ 5104(e)(2)(D), (F), and (G).  *See* Indictment (Counts Seven through Nine).

All of these charges are supported by an extensive FBI investigation culminating in defendant's identification as the person shown in photographic and video evidence engaging in the charged conduct.  *See generally* SOF.  Unlike other defendants whose criminal conduct, on January 6, 2021, involved disruption and illegal entry on restricted grounds and inside the Capitol building itself but no allegations of violence, this defendant is charged with intentional and direct attacks on officers who risked their lives that day to protect our democracy.

Defendant planned to exercise his right to contest these charges before a jury of his peers in a trial set to begin January 27, 2025.  In preparation for that trial, his counsel and the government have engaged in extensive briefing and filed countless pretrial motions.  *See, e.g.*, Def.'s First Mot. for Discovery, ECF No. 46; Def.'s First Mot. to Change Venue, ECF No. 47; Def.'s Mot. to Continue, ECF No. 48; Govt's Mot. in Limine, ECF No. 49; Joint Trial Brief, ECF No. 60; Def.'s Second Mot. for Discovery, ECF No. 61; Def.'s Second Mot. to Change Venue, ECF No. 62, Def.'s Mot. to Dismiss Counts Two and Three, ECF No. 63; Def.'s Mot. to Dismiss Count One, ECF No. 64; Def.'s Motion to Dismiss Counts Four, Five, and Six, ECF No. 65; Def.'s Mot. in

Limine, ECF No. 66; Def.'s Further Mot. in Limine, ECF No. 71; Def.'s Third Motion for Discovery, ECF No. 74; Joint Suppl. Trial Brief, ECF No. 76. The Court resolved all of these motions in preparation for a pretrial conference that was originally scheduled for January 17, 2025, and delayed until January 23, 2025, due to defense counsel's illness. *See, e.g.*, Min. Order (Dec. 6, 2024) (denying as moot Def.'s First Mot. for Discovery); Min. Order (Dec. 18, 2024) (denying Def.'s Mot. to Continue); Mem. & Order, ECF No. 75 (denying motions to change venue); Min. Order (Jan. 15, 2025) (granting Govt's Mot. in Limine); Min. Order (Jan. 15, 2025) (denying Def.'s Second Mot. for Discovery); Mem. Op. & Order, ECF No. 77 (denying Def.'s Mots. to Dismiss); Mem. & Order, ECF No. 78 (denying Def.'s Mot. in Limine); Min. Order (Jan. 15, 2025) (denying Def.'s Further Mot. in Limine); Min. Order (Jan. 15, 2025) (denying Def.'s Third Mot. for Discovery); Min. Order (Jan. 16, 2025) (rescheduling pretrial conference).

In sum, despite the allegations of egregious criminal conduct on January 6, 2021, and the government's expense of significant time and resources in identifying and investigating defendant and preparing for trial, the government now, on the eve of trial, seeks to dismiss the pending Indictment against defendant, under Federal Rule of Criminal Procedure 48(a), *see* Govt's MTD.

## II.     DISCUSSION

Courts have limited power when the federal government decides to stop prosecuting a criminal defendant. *See, e.g.*, *Wayte v. United States*, 470 U.S. 598, 607-08 (1985) (recognizing the government's broad prosecutorial discretion); *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016) (recognizing same prosecutorial discretion in "decisions to dismiss pending criminal charges"). At the same time, the Supreme Court and D.C. Circuit have both recognized that the "leave of court" requirement in Rule 48(a) "obviously vest[s] some discretion in the court." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977); *United States v. Ammidown*,

497 F.2d 615, 620 (D.C. Cir. 1973) (noting that this rule "gives the court a role in dismissals following indictment").  This discretion is granted in part to "guard[] against abuse of prosecutorial discretion."  *Ammidown*, 497 F.2d at 620.  To ensure that the government's request for dismissal of criminal charges "sufficiently protects the public," the government may be required to submit "a statement of reasons and underlying factual basis," which must be "substantial" to justify the dismissal and not "a mere conclusory statement."  *Id.*

Here, the government's cursory motion provides *no* factual basis for dismissal.  Instead, the single paragraph explanation included in the one-page dismissal motion cites "as the reason for this dismissal," only a presidential proclamation "dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021."  Govt's MTD at 1.  This cited proclamation, *inter alia*, directs the Attorney General "to pursue [the] dismissal with prejudice to the government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021."  *See* PROCLAMATION, (Jan. 20, 2025) (capitalization in original), available at https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/.  The only reason provided for this instruction, as set out in the Proclamation's introduction, is the assertion that this action "ends a grave national injustice that has been perpetrated upon the American people over the last four years and begins a process of national reconciliation."  *Id.*

No "national injustice" occurred here, just as no outcome-determinative election fraud occurred in the 2020 presidential election.  No "process of national reconciliation" can begin when sore losers, whose preferred candidate loses an election, are glorified for disrupting a

4

constitutionally mandated proceeding in Congress and doing so with impunity. That merely raises the dangerous specter of future lawless conduct by other sore losers and undermines the rule of law. Yet, this presidential pronouncement of a "national injustice" is the sole justification provided in the government's motion to dismiss the pending indictment. *See* Govt's MTD.

Having presided over scores of criminal cases charging defendants for their criminal conduct both outside and inside the U.S. Capitol Building on January 6, 2021, which charges were fully supported by evidence in the form of extensive videotapes and photographs, admissions by defendants in the course of plea hearings and in testimony at trials, and the testimony of law enforcement officers and congressional staff present at the Capitol on that day, this Court cannot let stand the revisionist myth relayed in this presidential pronouncement. The prosecutions in this case and others charging defendants for their criminal conduct at the U.S. Capitol on January 6, 2021, present no injustice, but instead reflect the diligent work of conscientious public servants, including prosecutors and law enforcement officials, and dedicated defense attorneys, to defend our democracy and rights and preserve our long tradition of peaceful transfers of power—which, until January 6, 2021, served as a model to the world—all while affording those charged every protection guaranteed by our Constitution and the criminal justice system. Bluntly put, the assertion offered in the presidential pronouncement for the pending motion to dismiss is flatly wrong.

Still, the D.C. Circuit has cautioned that a district court judge has "no power" "to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's exercise of charging authority." *Fokker*, 818 F.3d at 742; *id.* at 737 ("It has long been settled that the Judiciary generally lacks authority to second-guess those Executive determinations, much less to impose its own charging preferences."). Despite finding that the sole reason relied upon by the

government to dismiss the charges in this case—*i.e.*, an incorrect assertion in the presidential proclamation—is neither substantial nor factually correct, the government's view of the public interest does not clearly fall within the types of reasons found to provide legitimate grounds to deny the government Rule 48(a) motion to dismiss charges. *See United States v. Flynn*, 507 F. Supp. 3d 116, 130-31 (D.D.C. 2020) (collecting examples where a government motion to dismiss should be denied as not serving "legitimate prosecutorial interests," because the motion "was a sham or deception," "was based on 'acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled,'" or was meant to favor "politically well-connected individuals" (citations omitted)). Therefore, the government's motion to dismiss the indictment is GRANTED.

Nothing about the government's reasoning for dismissal warrants entry of dismissal with prejudice, however. Dismissal with prejudice is a complete adjudication of the matter and would bar any further prosecution of defendants for their offense conduct at issue. *See Brown v. Amtrak Corp.*, No. 03-7003, 2003 WL 22433755, at *1 (D.C. Cir. Oct. 27, 2023) ("A dismissal 'with prejudice' is a final judgment on the merits which bars further litigation between the same parties." (citing *Bd. of Trs. of the Hotel & Rest. Emps. Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1489 n.20 (D.C. Cir. 1996)); *Reed v. Farley*, 512 U.S. 339, 368 (1994) (Blackmun, J., dissenting) ("The dismissal with prejudice of criminal charges is a remedy rarely seen in criminal law, even for constitutional violations."). This result would be improper here, particularly given the strength of the evidence supporting allegations that this defendant sprayed two law enforcement officers with an orange-colored chemical agent and threw a large piece of lumber at other law enforcement officers, all while those officers were trying valiantly to prevent rioters from entering the Capitol Building, which evidence provides ample basis for criminal prosecution. *See also Thorp v. District*

*of Columbia*, 142 F. Supp. 3d 132, 145 (D.D.C. 2015) (noting that dismissal with prejudice "reflect[s] on the merits of the underlying action" (quoting *Brown v. Carr*, 503 A.2d 1241, 1245 (D.C. Cir. 1986), and citing *Kenley v. District of Columbia*, 83 F. Supp. 3d 20, 42 (D.D.C. 2015))). Instead, the government's reliance on a policy assertion made in the presidential proclamation that such prosecutions should not be continued warrants only "render[ing] the proceedings a nullity and leav[ing] the parties as if the action had never been brought," *Magliore v. Brooks*, 844 F. Supp. 2d 38, 46 (D.D.C. 2012) (quoting *Thoubboron*, 809 A.2d at 1210), which is achieved by granting the government's motion to dismiss *without* prejudice, *see id.*

### III.   CONCLUSION AND ORDER

For the reasons above, the government's motion to dismiss, ECF No. 80, is granted to the extent that the Indictment, ECF No. 39, against defendant is dismissed, but denied as to the request that this dismissal be "with prejudice." Accordingly, it is hereby—

**ORDERED** that the Indictment against defendant, ECF No. 39, is dismissed without prejudice; it is further

**ORDERED** that the trial scheduled for January 27, 2025, is **VACATED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

Date:  January 22, 2025

_____
**BERYL A. HOWELL**
United States District Judge